UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                              |   |                            |
|------------------------------|---|----------------------------|
| JEAN-GABRIEL BERNIER,        | ) |                            |
| Plaintiff,                   | ) |                            |
| v.                           | ) | Case No. 16-cv-00828 (APM) |
| DONALD J. TRUMP, et al.,     | ) |                            |
| Defendants.                  | ) |                            |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Plaintiff Jean-Gabriel Bernier, a federal prisoner, brought this action against the Federal Defendants[1] alleging, among other things, that the Federal Bureau of Prisons violated his Eighth Amendment right to be free from cruel and unusual punishment by refusing to prescribe him the drug Harvoni to treat his Hepatitis C. The court previously dismissed Plaintiff's *Bivens* claims for money damages on qualified immunity grounds, but allowed his claim seeking injunctive relief in the form of Harvoni treatment to move forward.

This matter is before the court on the Federal Defendants' Motion to Dismiss the remaining claim for injunctive relief as moot, and Plaintiff's Motion for Reconsideration of the court's dismissal of his damages claim against Defendant Allen, Chief Physician of the Federal Bureau of

---

[1] As in its previous opinion, the court uses the term "Federal Defendants" to refer collectively to Defendants Donald J. Trump, President of the United States; Jeff B. Sessions, Attorney General of the United States; Thomas R. Kane, Director of the Federal Bureau of Prisons ("BOP"); Angela P. Dunbar, Assistant Director of Correctional Programs at the BOP; Bradley T. Gross, Assistant Director of Administration at the BOP; and Jeff Allen, Chief Physician at the BOP. *See Bernier v. Trump*, 242 F. Supp. 3d 31, 34 n.1 (D.D.C. 2017). The court used this term to distinguish these Defendants from Defendant Gilead Services, Inc., who Plaintiff also sued for its decision not to accept him into a patient assistance program designed for those who are unable to afford Harvoni. *Cf. id.* at 34. The court granted Defendant Gilead's Motion to Dismiss, *see id.* at 43–44, and Plaintiff does not challenge that decision in his Motion for Reconsideration.

Prisons. For the reasons discussed below, the Federal Defendants' Motion to Dismiss is granted and Plaintiff's Motion for Reconsideration is granted in part and denied in part.

## II. BACKGROUND

### A. The Federal Defendants' Initial Motion to Dismiss

The court described the facts alleged in Plaintiff's pro se Complaint in its March 2017 opinion granting in part and denying in part the Federal Defendants' Motion to Dismiss, and it need not repeat them at length here. *See generally Bernier v. Trump*, 242 F. Supp. 3d 31 (D.D.C. 2017). To summarize, Plaintiff challenged two aspects of his confinement in his Complaint, seeking both injunctive relief and money damages. *See id.* at 34–37. Only one of those challenges is at issue here.[2] That challenge is premised upon the decision by the Federal Bureau of Prisons ("BOP") to deny Plaintiff the drug Harvoni to treat his Hepatitis C. *See generally* Defs.' Mot. to Dismiss, ECF No. 50 [hereinafter Defs.' Second Mot. to Dismiss]; Pl.'s Mot. for Reconsideration Regarding Court's Dismissal of Pl.'s Eighth Amendment *Bivens* Claim on Grounds of Qualified Immunity, ECF No. 57 [hereinafter Pl.'s Mot. & Opp'n]. Plaintiff alleges that "the Federal Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment by 'deny[ing] Plaintiff treatment for Hepatitis C pursuant to the BOP treatment guidelines and allowing [him] to suffer from the debilitating effects of [Hepatitis C].'" *Bernier*, 242 F. Supp. 3d at 39 (alterations in original) (quoting Compl., ECF No. 1, ¶¶ 45–46).

The Federal Defendants ("Defendants") previously moved to dismiss Plaintiff's Eighth Amendment claims. *See Bernier*, 242 F. Supp. 3d at 34, 38–40. Defendants sought dismissal on multiple grounds, but the court's opinion focused on only two. First, Defendants sought dismissal

---

[2] The other challenge related to the conditions in which Plaintiff was housed. *See id.* at 34, 37. The court dismissed Plaintiff's claims relating to the BOP's housing practices, *id.* at 39–40, 43, and Plaintiff does not seek reconsideration of that decision in his Motion.

2

of Plaintiff's Eighth Amendment claim for injunctive relief, asserted against Defendants in their official capacities, for failure to state a claim. *Id.* at 40; *see* Compl. ¶¶ 1–7, 45–46; *see also id.* at 16 (requesting that the BOP Director direct Defendant Allen to approve Plaintiff's treatment with Harvoni). The court, however, found that Plaintiff had stated a cognizable claim under the Eighth Amendment. *See Bernier*, 242 F. Supp. 3d at 40–41. Specifically, after concluding that Plaintiff had sufficiently alleged a serious medical need, the court found the following allegations "more than adequate" to satisfy the Rule 8(a) pleading standard with respect to Defendants' deliberate indifference to Plaintiff's serious medical need:

> Plaintiff alleges that the BOP has violated its own policies and the standard of care in the medical profession by ignoring test results—his FibroSure scores from 2012, 2014, and 2015—indicating he has cirrhosis that requires treatment with Harvoni. Compl. ¶¶ 13, 15, 18–19. The BOP's exclusive reliance on APRI scores and old biopsy results to deny him Harvoni, he further contends, is not premised on valid medical criteria, but instead driven by "avoiding the costs of the Harvoni treatment by denying mostly all prisoners who presently suffer from Hep[atitis] C." *Id.* ¶ 25. Plaintiff posits that if he were to receive Harvoni now, then "the liver damage already done to the liver will most likely be reversed and the painful [symptoms] which he Plaintiff suffers as a result of the present liver damage will cease to exist." *Id.* ¶ 24.

*Id.* at 41 (first alteration in original). Thus, the court allowed Plaintiff's Eighth Amendment claim seeking injunctive relief in the form of Harvoni treatment to proceed. *See id.* at 44–45.

Second, Defendants also moved to dismiss Plaintiff's claim against Defendant Jeff Allen, then-Chief Physician of BOP, in his individual capacity, seeking money damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Compl. ¶¶ 1, 7, 45–46; *see also id.* at 16 (seeking $50,000 in damages assessed against Defendant

Allen for the denial of medical treatment). The court dismissed this claim on the ground of qualified immunity. *Bernier*, 242 F. Supp. 3d at 38–40. The court held:

> Plaintiff's *Bivens* claims are easily dismissed on the second prong of the qualified immunity test because the rights Plaintiff claims were violated were not clearly established at the time the alleged violations occurred. Plaintiff has cited no binding case, and the court is aware of none, holding that denying a prisoner Harvoni to treat Hepatitis C based only on his APRI score violates the Eighth Amendment . . . .

*Id.* at 39. So, in summary, following Defendants' initial motion to dismiss, the court permitted Plaintiff to proceed with his Eighth Amendment claim for injunctive relief, but dismissed his *Bivens* claim for damages against Defendant Allen. In light of this conclusion, the court appointed pro bono counsel to represent Plaintiff with respect to his remaining claim.[3] *Id.* at 45.

## B. The Present Motions

Following the court's ruling, instead of answering Plaintiff's Complaint, Defendants moved once more to dismiss Plaintiff's Eighth Amendment claim for injunctive relief. In their present motion, Defendants argue that Plaintiff's claim is now moot because "Plaintiff's (and other inmates') priority level(s) have been adjusted and Plaintiff is now receiving treatment for his Hepatitis C condition." Defs.' Second Mot. to Dismiss at 1. Plaintiff appears to concede that his claim for injunctive relief is now moot. *See* Pl.'s Mot. & Opp'n, Pl.'s Consolidated Mem. of Points & Authorities in Supp. of Mot. for Reconsideration and in Opp'n to Federal Defs.' Mot. to Dismiss, ECF No. 57 [hereinafter Pl.'s Mem.], at 22–23.

Plaintiff, however, seeks to revive his previously dismissed Eighth Amendment *Bivens* claim against Defendant Allen and, thus, avoid the end of this action. *See id.* Plaintiff asks the court to reconsider its dismissal of the *Bivens* claim on the ground that the court erred in

---

[3] The court is grateful to pro bono counsel for his service to the court and his zealous representation of Plaintiff.

4

recognizing Defendant Allen's entitlement to qualified immunity, or at least did so prematurely. *See id.* at 6–22. If the court were to grant his Motion for Reconsideration, Plaintiff reasons, then there would be no basis for dismissal of his claim under the Eighth Amendment. *Id.* at 23.

## III. DISCUSSION

### A. Defendants' Motion to Dismiss Under Rule 12(b)(1)

The court begins with Defendants' Motion to Dismiss, which arises under Rule 12(b)(1) of the Federal Rules of Civil Procedure. A motion filed under Rule 12(b)(1) challenges a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When deciding a motion under Rule 12(b)(1), a court must accept all well-pleaded factual allegations in the complaint as true. *See Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005). In addition, the court may consider "such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Mykonos v. United States*, 59 F. Supp. 3d 100, 103–04 (D.D.C. 2014) (applying rule in mootness context). Specifically, when it is necessary to look beyond the face of the complaint to determine whether the court has subject matter jurisdiction, the court may consider "the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *See Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal quotation mark omitted).

Mootness is one ground for dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *Indian River Cty. V. Rogoff*, 254 F. Supp. 3d 15, 18 (D.D.C. 2017) ("A motion to dismiss for mootness is properly brought under Rule 12(b)(1) because mootness itself deprives the court

of jurisdiction."). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)). "A case is moot when 'the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated' in circumstances where 'it becomes impossible for the court to grant any effectual relief whatever to the prevailing party.'" *United States v. Philip Morris USA, Inc.*, 566 F.3d 1095, 1135 (D.C. Cir. 2009) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). As relevant here, a case becomes moot when "the court can provide no effective remedy because a party has already 'obtained all the relief that [it has] sought.'" *Conservation Force*, 733 F.3d at 1204 (alteration in original) (quoting *Monzillo v. Biller*, 735 F.2d 1456, 1459 (D.C. Cir. 1984)). "The initial 'heavy burden' of establishing mootness lies with the party asserting a case is moot, but the opposing party bears the burden of showing an exception applies[.]" *Honeywell Int'l, Inc. v. Nuclear Regulatory Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010) (citations omitted).

In this case, Defendants argue that Plaintiff's claim for injunctive relief is moot because, after this court's previous decision, Plaintiff started receiving treatment for his Hepatitis C condition. Defs.' Second Mot. to Dismiss at 6. According to Defendants' declarant Elizabete Stahl, a licensed physician employed as the Clinical Director at FCI Allenwood, the facility where Plaintiff was formerly housed, the BOP released in October 2016 an updated guidance for treating incarcerated patients with Hepatitis C. *See* Defs.' Second Mot. to Dismiss, Ex. A, Second Decl. of Elizabete Stahl, D.O., ECF No. 50-1, ¶ 4. Pursuant to this new guidance, the medical team at FCI Allenwood submitted a request that Plaintiff be treated with a 12-week, daily regime of Harvoni. *See id.* ¶ 5. Although not approved for Harvoni, Plaintiff was approved for treatment

6

with a different drug Zepatier, a newly approved medication that the FDA "consider[s] [to be] an equivalent treatment option for Hepatitis C," as compared to Harvoni, "depending on the clinical presentation of each individual patient." *Id.* ¶ 7. Plaintiff then began a twelve-week Zepatier treatment regimen that was scheduled to end in July 2017. *See id.* ¶ 8. As of May 23, 2017, there was no Hepatitis C viral load detected in Plaintiff's blood. *See* Notice of Filing Exs., ECF No. 61, Ex. F, Third Decl. of Elizabete Stahl, D.O., ECF No. 61-1, ¶ 3.[4]

Plaintiff does not dispute that he is now receiving treatment in the manner described in Defendants' declaration. *See generally* Pl.'s Mot. & Opp'n; Pl.'s Mem. Nor does he dispute the efficacy of Zepatier as an equivalent treatment option to Harvoni. To the contrary, in his Complaint he identified Zepatier as a lower-cost treatment alternative to Harvoni. Compl. ¶ 27. Instead, to the extent he opposes Defendants' Motion to Dismiss, he does so only on the ground that the court should reconsider its previous decision and allow Plaintiff's *Bivens* claim to proceed. *See* Pl.'s Mot. & Opp'n at 2 ("[S]ince the revitalization of the damages claim would require this case to continue irrespective of the fact that Plaintiff is now receiving appropriate (albeit unjustifiably belated) treatment for his Hepatitis C, the Federal Defendants' pending Motion to Dismiss on the grounds of mootness must be denied."). Thus, Plaintiff effectively concedes that his claim for injunctive relief is moot.[5] *See NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir.

---

[4] The May 2017 test results are the most recent results submitted by Defendants, even though Plaintiff was not scheduled to complete treatment until July 4, 2017. *See id.* ¶ 4 ("The treatment plan will be to continue treatment until July 4th, 2017. He will continue to undergo clinical and laboratory monitoring according to established clinical guidelines.").

[5] The D.C. Circuit also has suggested that Plaintiff's claim for injunctive relief is now moot. In August 2016, prior to deciding Defendants' initial motion to dismiss, this court denied Plaintiff's motion for preliminary injunction, which sought, among other things, treatment with Harvoni. *See Bernier*, 242 F. Supp. 3d at 38; *see also Bernier v. Obama*, 201 F. Supp. 3d 87 (D.D.C. 2016). Plaintiff appealed, *see* ECF No. 30, and in November 2017, the D.C. Circuit dismissed the appeal as moot to the extent Plaintiff sought "review of the district court's denial of his request for a preliminary injunction to compel [Defendants] to treat him with Harvoni," Per Curiam Order at 1, *Bernier v. Trump*, No. 16-5281 (D.C. Cir. Nov. 17, 2017), Document No. 1704957. The court reasoned that Plaintiff "ha[d] been treated with Zepatier, which his complaint names as another FDA-approved drug for the treatment of Hepatitis C, similar to Harvoni." *Id.*

7

2008) ("[W]hile arguments in *favor* of subject matter of jurisdiction can be waived by inattention or deliberate choice, . . . no action of the parties can confer subject-matter jurisdiction upon a federal court." (emphasis added) (internal quotation marks omitted)); *cf. Honeywell Int'l*, 628 F.3d at 576 (noting that the party opposing a mootness challenge bears the burden of showing an exception applies). Accordingly, the court grants Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim seeking injunctive relief in the form of Harvoni treatment.

### B. Plaintiff's Motion for Reconsideration

The court now turns to Plaintiff's Motion for Reconsideration. The court evaluates Plaintiff's Motion under Rule 54(b) of the Federal Rules of Civil Procedure, which governs reconsideration of non-final decisions. *See Cobell v. Norton*, 355 F. Supp. 2d 531, 538–39 (D.D.C. 2005). Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Relief under Rule 54(b) may be granted "as justice requires." *See Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011). "Courts in this district interpret that abstract phrase narrowly and will grant a motion to reconsider 'only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order.'" *Ferrer v. CareFirst, Inc.*, 278 F. Supp. 3d 330 (D.D.C. 2017) (quoting *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008)); *cf. U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 893 F. Supp. 2d 258, 268 (D.D.C. 2012) ("Under this standard, reconsideration may be warranted where the court has patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or [where] a controlling or significant change

in the law has occurred." (alteration in original) (internal quotation marks omitted)). While these considerations "leave a great deal of room for the court's discretion," that discretion "is limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Ali v. Carnegie Inst. of Wash.*, 309 F.R.D. 77, 80 (D.D.C. 2015) (internal quotation marks omitted).

Plaintiff here seeks reconsideration of the court's prior dismissal of his *Bivens* claim for damages against Defendant Allen on the basis of qualified immunity. *See* Pl.'s Mem. at 6. According to Plaintiff, this claim was "based on the contention that in denying [Plaintiff] treatment for his acknowledged Hepatitis C with Harvoni, the drug representing the current medical state of the art, on the basis of arbitrary guidelines, the[] Defendants manifested deliberate indifference to his serious medical needs in violation of the Eighth Amendment." *Id.* at 6–7. Plaintiff complains that this court, "with virtually no analysis," dismissed this claim on the second prong of qualified immunity because of an absence of case law "'holding that denying a prisoner Harvoni to treat Hepatitis C based only on his APRI score violates the Eighth Amendment.'" *Id.* at 7 (quoting *Bernier*, 242 F. Supp. 3d at 39).[6] Plaintiff argues that the court erred in so holding because it "defined the 'clearly established right' that Plaintiff contends the Defendants violated too narrowly" and "overlooked or disregarded relevant case authorities demonstrating the existence of that right." *Id.* at 9; *see id.* at 6–7. Thus, Plaintiff asserts that "justice requires" the court to reconsider its previous decision dismissing his *Bivens* claim against Defendant Allen. *Id.* at 6.

---

[6] Whether an official is entitled to qualified immunity "depends on the answers to two questions: (1) Did the [official's] conduct violate a constitutional or statutory right? If so, (2) was that right 'clearly established' at the time of the violation?" *Jones v. Kirchner*, 835 F.3d 74, 84 (D.C. Cir. 2016) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). As noted above, this court dismissed Plaintiff's *Bivens* claim on the second "clearly established" prong of the qualified immunity test. *See Pearson v. Callahan*, 555 U.S. 226, 236 (2009) (holding that courts are vested with the discretion to decide which of the two prongs to address first "in light of the circumstances in the particular case at hand").

The court agrees with Plaintiff that it framed the asserted right at issue too narrowly in its previous decision. In other words, by asking whether it was clearly established that "denying a prisoner Harvoni to treat Hepatitis C based only on his APRI score violates the Eighth Amendment," the court erred by defining the right in accordance with "the very action in question." *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see also Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011))). Thus, the court agrees with Plaintiff that "justice requires" reconsideration of its decision.[7]

Such reconsideration will not, however, result in the revival of Plaintiff's *Bivens* claim against Defendant Allen—at least not yet. In Defendants' initial Motion to Dismiss, Defendant Allen moved to dismiss for lack of personal jurisdiction. *See* Fed. Defs.' Mot. to Dismiss, ECF No. 28 [hereinafter Defs.' First Mot. to Dismiss], at 6–11. The court did not reach that ground because it dismissed the *Bivens* claim against Allen on the alternative ground of qualified immunity. *See Bernier*, 242 F. Supp. 3d at 40 n.8. That was a mistake. "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of the claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007); *accord Gilmore v. Palestinian Interim Self-Government Auth.*, 843 F.3d 958, 964 (D.C. Cir. 2016). Qualified immunity is not a jurisdictional issue, but rather a defense on the merits. *See Nevada v. Hicks*, 533 U.S. 353, 373 (2001); *see also Crawford-El v. Britton*, 523 U.S. 574, 587 (1998) ("[Q]ualified

---

[7] To be clear, by granting Plaintiff's Motion for Reconsideration in part, the court leaves for another day whether Plaintiff's broad framing of the right in question as "[t]he right of prisoners to adequate medical care, and to be free from deliberate indifference to their serious medical needs" is correct. *See* Pl.'s Mem. at 10 (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Instead, the court simply finds that it framed the right too narrowly in its previous decision.

10

immunity is an affirmative defense."). Accordingly, before reaching the question whether Plaintiff's claims were subject to dismissal under Rule 12(b)(6) on qualified immunity grounds, this court should have considered whether it could properly exercise personal jurisdiction over Defendant Allen. *See Forras v. Rauf*, 812 F.3d 1102, 1105 (D.C. Cir. 2016) ("The district court plainly should have satisfied any [personal] jurisdictional concerns before turning to [the] merits question.").

Defendants premised their motion to dismiss for lack of personal jurisdiction on two grounds. First, Defendants moved to dismiss Plaintiff's *Bivens* claims against the non-resident defendants sued in their individual capacity, including Defendant Allen, for lack of personal jurisdiction under Rule 12(b)(2). *See* Defs.' First Mot. to Dismiss at 6–10 (arguing that Plaintiff failed to meet his burden to establish that personal jurisdiction satisfied due process requirements and was authorized under the District of Columbia long-arm statute). Second, Defendants moved to dismiss Plaintiff's *Bivens* claims for lack of personal jurisdiction based on insufficient service of process, which is a basis for dismissal under Rule 12(b)(5). *See id.* at 6, 10–11; *see also Hickman v. Fed. Election Comm'n*, No. 14-295, 2014 WL 5902547, at *1 n.1 (D.D.C. Nov. 13, 2014)). For the reasons that follow, the court should have dismissed Plaintiff's *Bivens* claim against Defendant Allen on the second ground. *See Mwani v. bin Laden*, 417 F.3d 1, 8 (D.C. Cir. 2005) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987))); *cf. Forras*, 812 F.3d at 1105.

If a plaintiff wants to pursue a *Bivens* action against a federal official in his or her individual capacity, that federal official "must be served as [an] individual[], pursuant to Rule 4(e)." *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997); *see also* Fed. R. Civ. P. 4(i)(3)

("To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."). Rule 4(e) provides that service may be effected on an individual by one of the following methods:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Alternatively, a plaintiff may properly serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In this case, the summons to Defendant Allen was returned unexecuted. *See* Process Receipt and Return, ECF No. 24. As a pro se party proceeding *in forma pauperis*, Plaintiff relied on the Clerk of Court and U.S. Marshal Service to serve Defendants. *See Gonzalez v. Holder*, 763 F. Supp. 2d 145, 148 (D.D.C. 2011); *see* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). In his Complaint, Plaintiff listed the Central Office for BOP as Defendant Allen's address. *See* Compl. ¶ 9; Compl., Attach. A, ECF No. 1. A U.S. Marshal attempted to personally serve Defendant Allen at the Central Office for BOP on three separate occasions, but was unsuccessful. *See* Process Receipt and Return, ECF No. 24. There is a likely explanation for that failure: the Process Receipt and Return contains a handwritten note indicating "[w]orkers stated that Allen no longer works for BOP." *Id.*

In light of the foregoing, the court agrees that Plaintiff has not properly served Defendant Allen pursuant to Rule 4(e). Thus, the court grants Defendants' Motion to Dismiss Plaintiff's *Bivens* claim against Defendant Allen under Rule 12(b)(5) for insufficient service of process. Importantly, however, the court will dismiss this claim without prejudice. While a pro se plaintiff proceeding *in forma pauperis* "is not wholly relieved of his obligation to serve the defendants," judges in this District repeatedly have held that such plaintiffs "generally should not be penalized for court officers' failure . . . [to] properly effect[] service." *See, e.g.*, *Gonzalez*, 763 F. Supp. 2d at 148. Thus, the court will give Plaintiff additional time to properly serve Defendant Allen. *See Morris v. U.S. Sentencing Comm'n*, 62 F. Supp. 3d 67, 71 n.1 (D.D.C. 2014) (noting that in such circumstances, "the court typically w[ill] give plaintiff the opportunity to provide additional information to cure any service deficiencies before dismissing the case under . . . Rule 12(b)(5)"); *Nabaya v. Dudeck*, 38 F. Supp. 3d 86, 96–97 (D.D.C. 2014) ("[D]ue to the plaintiff's pro se status, dismissal of his case without giving him the opportunity to perfect service is inappropriate."). Such service shall be accomplished within 60 days of the date of this opinion.

\* \* \*

Before concluding, the court directs Plaintiff to proceed as follows regarding this action. If Plaintiff intends to continue to pursue his *Bivens* claim against Defendant Allen, he shall do so in one of two ways. Plaintiff must either: (1) file and serve an amended complaint, or (2) serve the original complaint and, within 21 days of service, submit a more definite statement under Rule 12(e). *See Momenian v. Davidson*, 878 F.3d 381, 391 (D.C. Cir. 2017) (stating that "a court can *sua sponte* order a plaintiff to submit a more definite statement" (citing 2 J. Moore et al., Moore's Federal Practice § 12.34[1][b] (3d ed. 2017))); *see also Pinson v. U.S. Dep't of Justice*, 975 F. Supp. 2d 20, 26 (D.D.C. 2013). The amended complaint or more definite statement should set

forth with greater specificity, to the extent known, (1) the time, place, and personnel involved in Plaintiff's institutional testing and treatment for Hepatitis C; (2) the institutional personnel involved in making a recommendation regarding treatment with Harvoni and their recommendations; (3) the BOP approval process for receiving Harvoni treatment; and (4) Defendant Allen's role in denying treatment with Harvoni. The court requires these additional factual allegations to make an informed determination about the qualified immunity question should Defendant Allen once more raise that defense as a ground for dismissal. Additionally, in preparing his supplemental pleading, Plaintiff shall take into account recent developments in the case, including Plaintiff's treatment with Zepatier and the fact of BOP's policy change regarding prisoner priority levels for Hepatitis C treatment, as those events might bear upon the required showing of "deliberate indifference" given "the rapidly evolving legal and medical developments in this area." *Cf. Cunningham v. Sessions*, No. 16-cv-1292, 2017 WL 2377838, at *4 (D.S.C. May 31, 2017) (holding that the BOP defendants were entitled to qualified immunity from any damages claims arising from the denial of direct-acting antiviral drugs, such as Harvoni, to inmates with chronic Hepatitis C). Finally, if Defendant Allen is properly served, he remains free to move for dismissal on any ground.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 50, is granted, and Plaintiff's Motion for Reconsideration, ECF No. 57, is granted in part and denied in part.

The court hereby vacates its previous decision to the extent it dismisses Plaintiff's *Bivens* claim for damages against Defendant Allen in his individual capacity on qualified immunity grounds, and grants Defendants' Motion to Dismiss this claim under Rule 12(b)(5) for insufficient service of process. This claim is dismissed without prejudice. Plaintiff shall be afforded 60 days

from this date to properly serve Defendant Allen. If Plaintiff does not accomplish service within 60 days from the date of this opinion, unless additional time is requested and granted, the court will enter a final order dismissing this action.

Dated: March 8, 2018

Amit P. Mehta
United States District Judge