UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEAN-GABRIEL BERNIER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-cv-00828 (APM) |
| JEFF ALLEN, | ) |
| Defendant. | ) |

## ORDER

Before the court is Defendant Jeff Allen's Motion to Dismiss or for Summary Judgment, ECF No. 103 [hereinafter Def.'s Mot.]. Defendant seeks dismissal of Plaintiff's Second Amended Complaint or, alternatively, entry of summary judgment on the ground that he enjoys qualified immunity with respect to Plaintiff's claims, which are rooted in the Eighth Amendment. *See* Def.'s Mot., Def.'s Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss or for Summ. J., ECF No. 103-1 [hereinafter Def.'s Br.].

Defendant's motion comes as a bit of a surprise to the court. After dismissing Plaintiff's Amended Complaint and this action on qualified immunity grounds, at Plaintiff's request the court reconsidered and found that he had proffered a Second Amended Complaint that, at the pleading stage, overcame Defendant's qualified immunity defense. *See* Mem. Op. & Order, ECF No. 95, at 1. In that context, the court held that additional, well-pleaded factual allegations had "plausibly establish[ed] two clearly established Eight Amendment violations . . . : 'delay[ing] necessary medical treatment for non-medical reasons,' and deliberately preventing 'an inmate from receiving recommended treatment for serious medical needs.'" *Id.* at 9 (quoting *Abu-Jamal v. Kerestes*, 779

F. App'x 893, 900 (3d Cir. 2019)).  The court therefore anticipated this matter would move forward to discovery.

Defendant's present motion seeks to derail that expectation, but it does not succeed. The Rule 12(b)(6) portion of the motion is built on a strawman.  Defendant contends, in essence, that dismissal is required because the federal government has not waived its sovereign immunity with respect to any claim for money damages.  *See* Def.'s Br. at 11–14.  But the federal government is not a defendant in this action, so its sovereign immunity is not at issue.  The sole defendant is a former official of the Bureau of Prisons, and he is subject to a *Bivens*-style, Eighth Amendment action in his individual capacity.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (recognizing claim under the Eighth Amendment for "deliberate indifference to [a prisoner's] serious medical needs").

Defendant then pivots and contends that the "law of the case" forecloses Plaintiff's claims, because "the Court already decided a claim against the [Bureau of Prisons] that [alleged] its prioritization protocol was driven solely by cost and lacked medical justification."  Def.'s Br. at 15. In nearly the same breath he also contends that Plaintiff's claims are "moot" because Plaintiff was ultimately treated for Hepatitis C.  *Id.* at 16.  To say the least, Defendant's argument is difficult to follow.  It is true that the court previously dismissed prior complaints that were not sufficiently pleaded to overcome qualified immunity, but the Second Amended Complaint cured that deficiency.  Additionally, the court did find Plaintiff's claims to be moot insofar as they sought *injunctive* relief because Plaintiff had started receiving medical treatment equivalent to what he sought, *see Bernier v. Trump*, 299 F. Supp. 3d 150, 155–56 (D.D.C. 2018); however, that holding does not defeat Plaintiff's demand for *money damages*.  Plaintiff's remaining claims are neither foreclosed by the law of the case nor are they moot.

Defendant's other arguments hinge on facts or their absence. Defendant contends, for example, based on his own sworn declaration, that Plaintiff is "wrong" that he (Defendant) was aware of Plaintiff's Fibrosure test results, Def.'s Br. at 17, 26; he also refutes the contention that Plaintiff was denied reasonable medical treatment, *id.* at 24–25. Elsewhere, Defendant asserts that Plaintiff "did not offer any evidence supporting his allegations or explain how his condition had worsened" during the period his treatment was deferred. *Id.* at 30; *see also id.* at 25 (criticizing Plaintiff for "not provid[ing] verifying medical evidence of a detrimental effect of delay" (internal quotation marks omitted)). To be sure, these are appropriate arguments for summary judgment, but Plaintiff has not had the opportunity to take an ounce of discovery. Granting summary judgment in the present posture is disfavored. *See Khan v. Parsons Global Servs., Ltd.*, 428 F.3d 1079, 1087 (D.C. Cir. 2005) ("The court has long recognized that a party opposing summary judgment needs a reasonable opportunity to complete discovery before responding to a summary judgment motion and that insufficient time or opportunity to engage in discovery is cause to defer decision on the motion." (internal quotation marks omitted)); *see also Jeffries v. Barr*, 965 F.3d 843, 855 (D.C. Cir. 2020) (observing that "summary judgment usually is premature unless all parties have had a full and fair opportunity to conduct discovery" (internal quotation marks omitted)). Still, a party opposing summary judgment based on the lack of opportunity to conduct discovery must proffer a Rule 56(d) affidavit that "state[s] with sufficient particularity . . . why discovery [is] necessary." *Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1045 (D.C. Cir. 2008) (internal quotation marks omitted). The affidavit requirement is not particularly demanding, as the D.C. Circuit has found a Rule 56(d) affidavit that suffered from a "lack of precision" was adequate to defeat summary judgment where the nature of the discovery sought was "self-evident." *See id*. Here, although Plaintiff has not supplied an affidavit in opposition to Defendant's instant motion,

3

he points to one filed in response to Defendant's first failed attempt at securing summary judgment. *See* Pl.'s Mem. of P. & A. in Opp'n to Def.'s Mot., ECF No. 107, at 6 (citing Pl.'s Mem. of P. & A. in Opp'n to Def.'s Mot., ECF No. 83, Ex. A, Rule 56(d) Decl. of Theodore A. Howard, Esq., ECF No. 83-1 [hereinafter Howard Decl.]). That earlier affidavit, though not directly addressing Defendant's latest evidence, does set forth with sufficient particularity the facts Plaintiff intends to discover and why those facts are necessary to the litigation. *See* Howard Decl.; *see also Jeffries*, 965 F.3d at 855 (explaining requirements for Rule 56(d) affidavit). Furthermore, it is self-evident why Plaintiff has been unable to produce material facts—for example, he has had no opportunity to depose Defendant or marshal his own expert evidence—and that the facts Plaintiff seeks are discoverable—most directly from Defendant himself. *See id.* Accordingly, the court denies Defendant's request for summary judgment pursuant to Rule 56(d).

The court is mindful that qualified immunity is meant not only to relieve a government official from liability, but also from the burdens of discovery. For that reason, the court has carefully scrutinized Plaintiff's allegations at every turn to ensure that they state plausible Eighth Amendment claims. At last, they do. Plaintiff's claims may yet prove to be incapable of overcoming the defense of qualified immunity. But Plaintiff is entitled to take some discovery before the court reaches that conclusion.

For the foregoing reasons, Defendant's Motion to Dismiss or for Summary Judgment is denied. Defendant's Motion for Leave to File a Statement of Undisputed Material Facts, ECF No. 105, is denied as moot. Defendant shall Answer the Second Amended Complaint on or before February 22, 2021.

Dated: February 8, 2021

Amit P. Mehta
United States District Court Judge